# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN FRANCIS ARPINO,

    Plaintiff,

v.

CHIEF JUSTICE MICHAEL A. CHERRY, *et al.*,

    Defendants.

3:17-cv-00527-MMD-VPC

**ORDER**

## I. DISCUSSION

John Francis Arpino ("plaintiff") is a prisoner proceeding *pro se*. Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, and an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1.) The court denies plaintiff's application to proceed *in forma pauperis* and defers its screening of plaintiff's complaint until he has prepaid the filing fee.

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $400.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's prior litigation history reveals that he has well over three "strikes." *Andrews v. King*, 398 F.3d at 1116 n.1 (section 1915(g) "is commonly known as the 'three strikes' provision … A prisoner with three strikes or more cannot proceed *IFP*"). On at least four occasions, this court has dismissed civil actions commenced by plaintiff while in detention for failure to state a

claim upon which any relief may be granted.¹  In addition, the court is aware of three appeals plaintiff has filed at the United States Court of Appeals for the Ninth Circuit that were ultimately dismissed as frivolous.²

Plaintiff is under no imminent danger of serious physical injury to warrant his excusal from paying the filing fee.  Plaintiff's complaint seeks to criminally prosecute a number of justices, judges and district attorneys in Nevada for, inter alia, conspiracy, obstruction of justice, kidnapping, and unlawful imprisonment.  (*See generally* ECF No. 1-1).  Despite plaintiff's sweeping accusations, the only harm he alleges is that these public officials have discharged their public duties without "post[ing] a valid official surety bond" to "validate their official public offices."  (*Id.* at 6.)  Even assuming plaintiff states a cognizable claim, these allegations fail to show that plaintiff is in imminent danger of serious physical injury.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to section 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing).  As such, plaintiff must pre-pay the $400.00 filing fee in full.  Plaintiff has long exploited the privilege of proceeding *in forma pauperis*, so the court will not expend additional resources to screen plaintiff's complaint until his payment is received. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (court permission to proceed *in forma pauperis* is itself a matter of privilege and not right.")

## II.    CONCLUSION

For the foregoing reasons, plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied pursuant to 28 U.S.C. 1915(g).  This action will be dismissed without prejudice unless plaintiff pays the $400.00 filing fee in full within thirty (30) days of entry of this order.  It

---

¹ *See, e.g.*, *Arpino v. Sandoval*, 3:14-cv-00409-MMD-WGC (dismissed for failure to state a claim); *Arpino v. Sandoval*, 3:14-cv-00481-MMD-WGC (same); *Arpino v. Sandoval*, 3:14-cv-00522-RCJ-VPC (same); *Arpino v. Sandoval*, 3:14-cv-553-MMD-WGC (same).  The court takes judicial notice of its prior records in the above matters.

² The court takes judicial notice of its records of the following orders issued by the Ninth Circuit to this court: *Arpino v. Howell*, 3:13-cv-213-MMD-VPC (ECF No. 56); *Arpino v. Sandoval, et al.*, 3:14-cv-00409-MMD-WGC (ECF No. 14); *Arpino v. Sandoval*, 3:14-cv-00481-MMD-WGC (ECF No. 29). In all three orders, the Ninth Circuit court found plaintiff's appeal to be "frivolous" and denied plaintiff's application to proceed *in forma pauperis*.  *See El-Shaddai v. Zamora,* 833 F.3d 1036, 1046 (9th Cir. 2016) (ruling that dismissal of appeal on grounds of frivolity not required where court has made express finding that appeal is frivolous).

1 | is ordered that the Clerk of Court shall send plaintiff two copies of this order.  Plaintiff shall make
2 | the necessary arrangements to have one copy of this order attached to the check paying the filing
3 | fee.  It is further ordered that the Clerk of the Court shall retain the complaint (ECF No. 1-1).

**DATED**: February 16, 2018.

_____
**UNITED STATES MAGISTRATE JUDGE**