UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN FRANCIS ARPINO, | Case No. 3:17-cv-00527-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| CHIEF JUSTICE MICHAEL A. CHERRY, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

Before the Court are Plaintiff John Francis Arpino's Motion to Recuse Presiding Judge under 28 U.S.C. § 455 ("Motion to Recuse") (ECF No. 7); Plaintiff's Request for Submission (ECF No. 8); and Magistrate Judge Valerie P. Cooke's report and recommendation[1] ("R&R") regarding Plaintiff's application to proceed *in forma pauperis* (ECF No. 9). Plaintiff filed an objection to the R&R (ECF No. 10). For the following reasons, the Court denies Plaintiff's Motion to Recuse and Request for Submission and accepts and adopts the Magistrate Judge's R&R in full.

---

[1] The Court construes the filing docketed at ECF No. 9 as a report and recommendation even though it is docketed as an order because Magistrate Judges do not have authority to deny applications to proceed *in forma pauperis*. *Tripati v. Rison*, 847 F.2d 548, 548 (9th Cir. 1988) ("A denial of a motion to proceed in forma pauperis is a final judgment that is immediately appealable pursuant to 28 U.S.C. § 1291. Under 28 U.S.C. § 636, a United States Magistrate may not enter a final judgment on a motion to proceed in forma pauperis unless the matter has been referred to him or her by the court and the parties consent to have the magistrate decide the motion and enter judgment.") (citations omitted).

## II. MOTION TO RECUSE (ECF NO. 7)

### A. LEGAL STANDARD

The substantive standard for recusal under 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quoting *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984)). Normally, the alleged bias must stem from an "extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 554-56 (1994). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id.* at 555. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

### B. DISCUSSION

Plaintiff requests that Judge Miranda M. Du ("the Court") be recused from this case as well as another case Plaintiff filed, *Arpino v. Nev. Supreme Court, et al.*, No. 3:17-cv-00608-MMD-VPC ("Second Action"), pursuant to 28 U.S.C. § 455 based on allegations that the Court is shielding corrupt officials by failing to address filings in a timely manner.[2] (*See* ECF No. 7 at 3-5.) With respect to this case, Plaintiff argues that the Court has failed to address Plaintiff's preliminary information upon request to summon a United States grand jury filed August 25, 2017 (ECF No. 1) and Plaintiff's "judicial notice" requesting a criminal case number filed October 10, 2017 (ECF No. 5). As for the Second Action, Plaintiff argues that the Court has failed to address Plaintiff's emergency request for a preliminary injunction filed October 3, 2017 (3:17-cv-00608-MMD-VPC, ECF No. 1-1 at 1); petition for mandamus filed October 3, 2017 (*id.* at 4); and motion to compel and/or show

---

[2]Plaintiff makes two other requests—that his case be assigned a criminal case number and that the caption be revised to list him as a relator to the United States—that are addressed in the section of this Order discussing Plaintiff's objection to the Magistrate Judge's R&R.

1 | cause filed November 6, 2017 (3:17-cv-00608-MMD-VPC, ECF No. 4). Delays in addressing these filings do not provide grounds for recusal because such delays are not extrajudicial. *Hulihan v. Reg'l Transp. Comm'n of S. Nev.*, No. 2:09-cv-01096-ECR-RJJ, 2011 WL 5546286, at *2-3 (D. Nev. Nov. 14, 2011) (finding that a plaintiff's complaints about the amount of time it took the court to rule on her numerous motions were not extrajudicial and could not ground recusal).

Plaintiff also requests that this motion be heard by Judge Navarro. (ECF No. 7 at 3.) However, the statute upon which Plaintiff relies—28 U.S.C. § 455—does not require referral of a motion to recuse. *United States v. Kahre*, No. 2:05-CR-0121-RCJ-RJJ, 2007 WL 2110500, at *2 (D. Nev. July 13, 2007); *see also United States v. Jaramillo*, 745 F.2d 1245, 1248 (9th Cir. 1984) ("Section 455(a) puts the judge under a self-enforcing obligation to recuse himself where legal grounds exist for disqualification.").

## III. REPORT AND RECOMMENDATION (ECF NO. 9)

### A. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then this Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

### B. DISCUSSION

The Magistrate Judge recommended denying Plaintiff's application to proceed *in forma pauperis* based on 28 U.S.C. § 1915(g). (ECF No. 9 at 1.) That statute forbids inmates with "three strikes" from proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or

proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."); *see also Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (describing 28 U.S.C. § 1915(g) as the "three strikes provision" and noting that a prisoner with three strikes or more cannot proceed *in forma pauperis*). The Court agrees with the Magistrate Judge that Plaintiff has at least three strikes.

Plaintiff argues that he is exempt from any court filing fees because this is a criminal Racketeer Influence and Corrupt Organizations ("RICO") action. (ECF No. 10 at 6.) Plaintiff's premise is incorrect—this action is civil in nature because it arises under 18 U.S.C. § 1964(c), also known as RICO's civil-action provision. *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 265 (1992) (describing 18 U.S.C. § 1964(c) as "RICO's provision for civil actions" and comparing that provision to other "civil-action" provisions). RICO permits private citizens to obtain civil remedies—not criminal sanctions against a perpetrator—for injuries directly related to conduct prohibited by the RICO Act. *Logan v. Super. Court of Cal., Cty. of Napa*, No. 15-CV-01573-KAW, 2015 WL 3919826, at *6 (N.D. Cal. June 25, 2015) (citing 18 U.S.C. § 1964). Thus, Plaintiff is not exempt from the filing fee requirement. *Hill v. Peterson*, No. 3:16-CV-2476-GPC-AGS, 2017 WL 35574, at *1 (S.D. Cal. Jan. 4, 2017) (citing 28 U.S.C. § 1914(a)) ("All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee . . . ."). In addition, because this case is civil and not criminal, Plaintiff's requests that his case be assigned a criminal case number (ECF No. 7 at 4) and that the caption be revised to list him as a relator to the United States (*id.*; ECF No. 3) are moot.[3]

---

[3] Moreover, criminal cases can only be initiated in this court by way of a criminal complaint filed by the United States or by way of an indictment issued by the grand jury. A private individual like Plaintiff cannot initiate a criminal case regardless of whether he is seeking to do so directly or on behalf of the United States.

## IV. REQUEST FOR SUBMISSION (ECF NO. 8)

Plaintiff's request for submission is based on the premise that he is entitled to present his Complaint on behalf of the United States. (ECF No. 8 at 3.) As explained above, Plaintiff's case is a civil case brought on his own behalf under RICO's civil-action provision. Accordingly, Plaintiff's request for submission will be denied.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered Plaintiff's Motion to Recuse (ECF No. 7) is denied.

It is further ordered that Plaintiff's Request for Submission (ECF No. 8) is denied.

It is further ordered that the Magistrate Judge's R&R is (ECF No. 9) is accepted and adopted in full.

It is further ordered that Plaintiff's Objection (ECF No. 10) is overruled.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied pursuant to 28 U.S.C. § 1915(g). This action will be dismissed without prejudice unless Plaintiff pays the $400.00 filing fee in full within thirty (30) days of entry of this order.

It is further ordered that the Clerk of Court shall send Plaintiff two copies of this order. Plaintiff shall make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

It is further ordered that the Clerk of Court shall retain the Complaint (ECF No. 1-1).

DATED THIS 10th day of April 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE