UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN FRANCIS ARPINO, | Case No. 3:17-cv-00527-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| CHIEF JUSTICE MICHAEL A. CHERRY, *et al.*, | |
| Defendants. | |

This Court's April 10, 2018 Order stated that "[t]his action will be dismissed without prejudice unless Plaintiff pays the $400.00 filing fee in full within thirty (30) days of entry of this order." (ECF No. 12 at 5.) To date, Plaintiff has not paid the filing fee or otherwise responded to the Court's April 10, 2018 Order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)

1   (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421,

2   1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local

3   rules).

4           In determining whether to dismiss an action for lack of prosecution, failure to obey

5   a court order, or failure to comply with local rules, the court must consider several factors:

6   (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

7   manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

8   disposition of cases on their merits; and (5) the availability of less drastic alternatives.

9   *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *see also Ghazali*, 46 F.3d

10  at 53; *Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130.

11          Here, the Court finds that the first two factors—the public's interest in expeditiously

12  resolving this litigation and the Court's interest in managing the docket—weigh in favor of

13  dismissal. The third factor—risk of prejudice to the defendant—also weighs in favor of

14  dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

15  in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air

16  West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring

17  disposition of cases on their merits—is greatly outweighed by the factors in favor of

18  dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the

19  court's order will result in dismissal satisfies the "consideration of alternatives"

20  requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d

21  at 1424. The Court's April 10, 2018 Order expressly stated that "[t]his action will be

22  dismissed without prejudice unless Plaintiff pays the $400.00 filing fee in full within thirty

23  (30) days of entry of this order." (ECF No. 12 at 5.) Thus, Plaintiff had adequate warning

24  that dismissal would result from his noncompliance with the Court's Order to pay the filing

25  fee.

26  ///

27  ///

28  ///

2

It is therefore ordered that this case is dismissed without prejudice based on Plaintiff's failure to pay the filing fee in compliance with this Court's April 10, 2018 Order.

It is further ordered that the Clerk of Court enter judgment accordingly.

DATED THIS 16th day of May 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE